**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAMBERS OF<br>**RUKHSANAH L. SINGH**<br>**UNITED STATES MAGISTRATE JUDGE** | **CLARKSON S. FISHER BLDG. &**<br>**U.S. COURTHOUSE**<br>**402 E. STATE STREET**<br>**TRENTON, NJ 08608**<br>**(609) 989-0502** |

February 1, 2023

**LETTER ORDER**

Re:   *SALIL SHARMA, et al. v. VIJAY GUPTA, et al.*
       **Civil Action No. 20-3446 (GC) (RLS)**

Dear Counsel:

Currently pending before the Court is a Motion filed by the Parlatore Law Group, LLP (the "Firm"), attorney for Plaintiffs Salil Sharma and Sage Group Consulting, Inc. (collectively, "Plaintiffs") to be Relieved as Counsel for Plaintiffs, (the "Motion"). (Dkt. No. 61). Plaintiffs and Defendants Vijay Gupta, Rajeev Gupta, Jyoti Gupta, Brian Mead, Exceleo Business Consulting Inc., and Exceleo Group, Inc. (collectively, "Defendants") have not filed any response to the Motion. On January 30, 2023, the Firm filed a certification of service of the Motion upon Plaintiffs via email on January 5, 2023. (*See* Dkt. No. 64). For the reasons set forth herein, the Firm's Motion is hereby GRANTED.

Local Civil Rule 102.1 provides that "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court." L. Civ. R. 102.1. However, New Jersey Rule of Professional Conduct ("RPC") 1.16(b) permits an attorney to withdraw from representing a client if good cause exists to show that:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client; (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; (3) the client has used the lawyer's services to perpetrate a crime or fraud; (4) the client insists upon

1

> taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement; (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good causes shown for withdrawal exists.

N.J. Rules of Prof'l Conduct R. 1.16(b); *see also Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 422 (D.N.J. 1993).

Even if counsel seeking to withdraw demonstrates "good cause" as defined in RPC 1.16(b), a decision with respect to withdrawal remains entirely within the discretion of the court. N.J. Rules of Prof'l Conduct R. 1.16(c); *see also Haines*, 814 F. Supp. at 422 (finding that RPC 1.16(c) "provides that withdrawal is entirely within the discretion of the court and a court may refuse to allow withdrawal despite a showing of good cause"). Following a finding of good cause for withdrawal, the Court should also consider: "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice and (4) the degree to which withdrawal will delay the resolution of the case." *Haines*, 814 F. Supp. at 423; *accord U.S. ex rel. Cherry Hill Convalescent Ctr. v. Healthcare Rehab. Sys., Inc.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997).

Corporate entities can only appear in federal court through a licensed attorney. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel") (citation omitted); *accord Simbraw v. U.S.*, 367 F.2d 373 (3d Cir. 1966); *see also Buschmeier v. G&G Invs., Inc.*, 222 F. App'x 160, 165 (3d Cir. 2007). Nevertheless, a law firm may withdraw from representing a corporation prior to the corporation retaining new counsel when

2

the withdrawing firm "serves no meaningful purpose." *Buschmeier*, 222 F. App'x at 163 (citation omitted). To determine whether a firm's appearance serves "no meaningful purpose," the court must consider, "the burden imposed on the potentially withdrawing counsel if the status quo is maintained, the stage of the proceedings, and [the] prejudice to other parties." *Buschmeier*, 222 F. App'x at 164 (citation omitted).

Here, the Firm moves to be relieved as counsel due to a breakdown of attorney-client communication and unpaid legal fees. (*See* Dkt. No. 61-1 at p. 2). Through Maryam N. Hadden, Esq.'s certificate of service, the Firm states that, on January 2, 2023, multiple telephone conversations and email exchanges transpired between the Firm and Plaintiffs regarding the Firm's withdrawal as counsel. (*See* Dkt. No. 64 at p. 1). Following the communications, the Firm filed the instant Motion on January 5, 2023, (Dkt. No. 61), and now certifies that "Plaintiffs are in accord with [the] Motion being granted[.]" (Dkt. 64 at p. 2). Considering that no oppositions to the Motion has been filed, the Firms representation that Plaintiffs consent to the Motion, the nascent stage of the case (a Rule 16 conference is currently set for March 2, 2023 (*See* Dkt. No. 62)), and the burden imposed on the Firm due to unpaid legal fees and the breakdown of attorney-client communications, the Court finds that the Firm's appearance serves "no meaningful purpose" at this stage of the matter and that Plaintiffs will suffer no undue prejudice from allowing the Firm to be relieved as counsel. *Buschmeier*, 222 F. App'x at 163 (citation omitted); *see Indep. Project v. Gator Westfield, LLC*, No. 17-5051, 2021 U.S. Dist. LEXIS 28752 (D.N.J. Feb. 16, 2021) (permitting withdrawal of counsel due to "breakdown in the attorney client relationship"); *Aetrex Worldwide, Inc. v. Sourcing for You Ltd.*, No. 14-2504, Dkt. No. 48, at *2-3 (D.N.J. Jan. 4, 2016)

3

(permitting withdrawal of counsel due to unpaid legal fees). Accordingly, under the facts presented, the Court finds good cause to grant the Firm's Motion.

**IT IS, THEREFORE**, on this **1st** day of **February 2023**,

**ORDERED** that the Firm's Motion to Withdraw as Counsel for Plaintiffs Salil Sharma and Sage Group Consulting, Inc. (Dkt. No. 61) is hereby **GRANTED**; and it is further

**ORDERED** that the Parlatore Law Group, LLP is hereby relieved as counsel for Plaintiffs Salil Sharma and Sage Group Consulting, Inc.; and it is further

**ORDERED** that the Parlatore Law Group, LLP is to serve a copy of this Order on Plaintiffs Salil Sharma and Sage Group Consulting, Inc. by no later than **February 7, 2023**; and it is further

**ORDERED** that the Parlatore Law Group, LLP must advise Plaintiffs Salil Sharma and Sage Group Consulting, Inc. that they shall enter the appearance of new counsel by no later than **February 28, 2023**; and it is further

**ORDERED** that the Clerk of Court is hereby directed to TERMINATE the Motion pending at Docket Entry No. 61.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**